## Big Plum Creek Turnpike Co. v. Walker & Co.

(Decided November 9, 1911.)

### Appeal from Spencer Circuit Court.

Husband and Wife—Accumulations of Wife.—Accumulations in the hands of the wife will not be subjected to the payment of the husband's debts although he has assisted the wife in the management of her property, if the amount so accumulated is no more than the earnings of the wife and fair rent of her property.

S. K. BAIRD, J. W. CRUME and JOHN S. KELLY for appellant.

WILLIS, TODD & BOND and L. W. ROSS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

N. L. Walker and Annie E. Walker were married on December 26, 1900. On March 4, 1903, he conveyed to her all his real estate consisting of a farm of 281 acres in Spencer County, worth $8,000 or $10,000. In February, 1905, he subscribed $420.00 to the building of the Big Plum Creek turnpike. He did not pay the subscription and a suit having been instituted against him by the Turnpike Company, a judgment was rendered in its favor, on which execution issued and was returned no property found. Thereupon this suit was brought by the Turnpike Company against him and his wife to subject to its debt the property in the name of his wife. On a final hearing of the case the petition was dismissed. The Turnpike Company appeals.

The facts of the case are about these: N. L. Walker and his wife had no children; he was not on good terms with some of his relations, and made the deed to his wife to secure her in the case of his death. He was about twenty years older than she and his health was not good. So far as appears he owed no debts at the time. The debt to the Turnpike Company was created about two years after the deed to his wife was made, and this is the only debt he owes so far as the record shows. He is a man of good business capacity, and had made by his own exertions and good judgment the property which he conveyed to his wife. He and his wife have lived on the farm from the date of the deed and by their joint management have since accumulated $2,600.00 in bank and have about $1,000.00 lent out, besides some personal property on the farm. There is proof for the Turnpike Company to the effect that the husband has managed the farm since the deed was made pretty much as he did before. On the other hand the proof for the wife is to the effect that the husband's health has been very bad; that he has been unable to do much labor with his own hands, and that he spends most of his time about the house. The proof on both sides shows that all the business has been done in the name of the wife; all the deposits in bank have been made in her name; all the checks have been drawn by her.

It is insisted for the appellant that under the rule laid down in Gross v. Eddinger, 85 Ky. 168; Edelmuth v. Wybrant, 53 S. W. 528; Blackburn v. Thompson, 66 S. W., 5, and Patton's Exor. v. Smith, 130 Ky. 819, the court should have subjected the earnings accumulated in the name of the wife upon the ground that they are in fact

the earnings of the husband. But it appears from the proof that the wife has made $100 a year from her turkeys, $200 a year from her other poultry, and as the deed cannot be attacked, she is entitled to a reasonable rent on her land. When we add to the sums named a reasonable rent for the land for the years involved, we have a much greater sum than the accumulations in her hands as shown by the evidence. The case is not as strong for the creditor as in Guthrie v. Hill, 138 Ky., 181, and under the rule followed in that case, the circuit court properly dismissed the plaintiff's petition in so far as it sought to subject to the plaintiff's debt the money or property now owned by the wife.

The husband had some personal property at the time he made the deed to his wife, and this personal property was not conveyed to her. The proof does not definitely show, however, that any of this property is now in the possession of the wife. The plaintiff did not by allegation or proof show that the property was on hand or trace its proceeds into any property now on hand. The petition seems not to have been framed upon this idea and the proof was taken in the same way.

Judgment affirmed.